**2010 15720**
CAUSE NO. _____

| | | |
|---|---|---|
| OPTIMUM ARBOR OAKS, LLC, <br> Plaintiff | § <br> § <br> § | IN THE DISTRICT COURT OF |
| vs. | § <br> § | HARRIS COUNTY, TEXAS |
| LEXINGTON INSURANCE COMPANY, and <br> MAX SPECIALTY INSURANCE COMPANY, <br> Defendants | § <br> § <br> § | _127_ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, OPTIMUM ARBOR OAKS, LLC ("Optimum"), and complains of Defendants, LEXINGTON INSURANCE COMPANY ("Lexington") and MAX SPECIALTY INSURANCE COMPANY ("Max Specialty"), and in support of a cause of action would show the following and in support thereof would respectfully show the Court the following:

## I. Discovery

1. Discovery is intended to be conducted under Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure.

## II. Parties

2. Plaintiffs **OPTIMUM ARBOR OAKS, LLC** is a Texas limited liability company.

3. Defendant **LEXINGTON INSURANCE COMPANY** is an insurance company doing business in the State of Texas, and may be served with citation by serving its agent for service of process as follows:

> C T Corporation System
> 350 North Saint Paul Street
> Suite 2900
> Dallas, Texas 75201



FILED
Loren Jackson
District Clerk
Time: 10:20 AM
MAR 10 2010
By _____ Harris County, Texas
Deputy



EXHIBIT A

4. Defendant **MAX SPECIALTY INSURANCE COMPANY** is a surplus lines insurance company doing business in the State of Texas and may be served with citation by serving the Texas Commissioner of Insurance pursuant to Texas Insurance Code section 804.201 as follows:

   Texas Department of Insurance
   P.O. Box 149104
   Austin, Texas 78714-9104

   The entity to be served is:

   Max Specialty Insurance Company
   9020 Stony Point Parkway, Suite 325
   Richmond, Virginia 23235

### III. Jurisdiction and Venue

5. The Court has jurisdiction because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6. Venue is proper in Harris County, Texas because the real property giving rise to this suit is located in Harris County, Texas.

### IV. Agency and Vicarious Liability

7. Whenever in this Petition it is alleged that the Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

## V. Facts

8. Plaintiffs are the owners/managers of certain real property located at 3500 W. Little York Road, Houston, Harris County, Texas 77091 also known as the Arbor Oaks Apartments ("Property"). The Property is an apartment complex with 24 apartment buildings and an office building.

9. Plaintiff procured insurance on the Property through Nations Asset Management, LP ("Nations"), an insurance purchasing group registered with the Texas Department of Insurance. Nations had obtained group insurance for its members, including Plaintiff, from Defendants Lexington and Max through an insurance policy numbered 3258064 ("Policy"). The effective date of the Policy was from April 15, 2008 until April 1, 2009. Through Nations, Plaintiffs paid all applicable premiums to obtain said Policy ("Premium"). The Policy was at all times material to this action in full force and effect.

10. On or about September 13, 2008, Hurricane Ike caused severe damage to the property. This damage was covered by the Policy.

11. Furthermore, the Property sustained substantial loss as a result of vandalism and/or theft. At all times material herein, the Property was under construction and/or renovation. Defendants have not provided any policy benefits for vandalism and/or theft as of yet.

12. Plaintiff tendered a claim to Defendant Lexington.

13. Plaintiff's public adjuster supplied a detailed estimate ("Estimate") to Defendants. Plaintiff's adjuster has estimated that damage to the Property due to Hurricane Ike totaled $2,938,580.91.

14. To date, Defendant Lexington has paid $789,731.05 of that amount.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
Page 3 of 7

15. The applicable deductible on the Policy is $422,769.00.

16. Consequently, damages in the amount of $1,726,808.86 as a result of Hurricane Ike have been unpaid, in addition to damages for vandalism and/or theft.

17. Defendants have refused to pay these unpaid damages covered by the Policy.

18. On or about July 22, 2009, Plaintiff tendered to Defendant Lexington its notice of claim pursuant to section 17.505 of Chapter 17 of the Texas Business and Commerce Code ("DTPA") and section 541.154 of the Texas Insurance Code. On or about March 4, 2010, Plaintiff tendered to Defendant Max its notice of claim pursuant to the same statutory requirements.

## VI. Conditions Precedent

19. Plaintiff has also timely and promptly notified Defendants of the losses. Plaintiff has fully complied with all the conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred.

## VII. Cause of Action — Breach of Contract

20. As discussed above, pursuant to the Policy, Plaintiff had insurance coverage in full force and effect for their Property.

21. Defendants breached their contract with Plaintiffs by unreasonably failing to pay Plaintiffs sums that it was contractually obligated to pay.

## VIII. Cause of Action — Bad Faith

22. As described above, Plaintiff had an insurance contract with Defendants. Consequently Defendants owe Plaintiff a duty of good faith and fair dealing. Defendants breached these duties by not making full payment on Plaintiff's claim without a reasonable basis.

23. Though Defendants knew coverage was reasonably clear, Defendants have delayed and eventually denied full payment of Plaintiff's claim. Plaintiff timely forwarded the Estimate to Defendants. Defendants have not disputed that Plaintiff's Property is damaged as described in the Estimate.

## IX. Cause of Action — Insurance Code Chapter 541 and DTPA

24. Defendants' conduct made the basis of this lawsuit, as referred to above, also constitutes a violation of section 541.154 of the Texas Insurance Code in the following manner:

   a) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   b) Failing to provide Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of a claim; and

   c) Failing to pay, within 60 days after receiving all items, statements, and forms reasonably requested and required under Section 542.055 of the Texas Insurance Code.

25. Each of these acts and omissions, singularly or in combination with the other, constituted a violation of section 541.154 of the Texas Insurance Code which proximately caused damages to Plaintiff.

26. Pursuant to section 17.50(a)(4) of the DTPA, violations of Chapter 541 of the Insurance Code also constitute a violation of the DTPA.

27. Plaintiff seeks interest at a rate of 18% on the amount of claim pursuant to section 542.060 of the Texas Insurance Code.

## X. Damages

28. As a proximate result of the conduct of the Defendants, described above, Plaintiff sustained damages, including the loss of sums to which Plaintiff is entitled under the Policy, and which are required for Plaintiff to make repairs to the Property. As a result, Plaintiff is unable to make repairs to its Property, and also sustained consequential damages, including lost income, as a result of Defendants' conduct.

29. Plaintiff demands pre- and post-judgment interest on the amount of the judgment.

## XI. Attorneys' Fees

30. Defendants' conduct as described in this Petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the attorneys whose names are subscribed to this Petition. Plaintiff is therefore entitled to recover from Defendants an additional sum to compensate Plaintiffs for a reasonable fee for such attorneys' services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts. Such attorneys' fee claim is authorized under common law and under the Texas Deceptive Trade Practices Act, the Texas Insurance Code, and the Texas Civil Practice & Remedies Code.

## XII. Demand for Jury Trial

31. Plaintiff requests a jury trial in this case pursuant to Texas Rule of Civil Procedure 216.

### XIII. Request for Disclosure

32. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants Lexington and Max disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

### XIV. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited and commanded to appear and answer this lawsuit in the time and manner prescribed by law, and that upon final hearing, Plaintiff be awarded a judgment of and against the Defendants for damages as stated above, for additional damages, for attorneys' fees, for costs of court, for pre- and post-judgment interest as allowed by law, and for any further relief to which Plaintiff is entitled.

Respectfully submitted,

THE SHEENA LAW FIRM

By: _____
DANNY M. SHEENA, P.E.
State Bar No. 00792830
JASON P. SCOFIELD
State Bar No. 24060578
The Binz Law Center
1001 Texas Avenue, Suite 240
Houston, Texas 77002
(713) 224-6508
(713) 225-1560 Facsimile
E-mail: Danny@Sheenalawfirm.com

**ATTORNEY FOR PLAINTIFF
OPTIMUM ARBOR OAKS, LLC**